(Hamilton County Common Pleas Court.)

IN RE ASSIGNMENT OF GEORGE KNEPFLE—JAMES A. GRAFT, ASSIGNEE.

---

*Homestead exemption—Debtors' rights--*
Heard on Appeal of Asa R. Mettler.
JELKE, J.

George Knepfle and wife gave a mortgage, "precluding the allowance of a homestead" (Rev. Stat., 5540,) on the property occupied by them as a homestead, to Mary A. Heidkamp, which was duly recorded and became a valid lien as against the world, before the assignment.

George Knepfle and wife likewise gave a mortgage, "precluding the allowance of a homestead," on the same property to Asa R. Mettler, which, however, the said Asa R. Mettler did not put on record until after George Knepfle had made an assignment.

George Knepfle made an assignment for the benefit of his creditors to James A. Graft in the deed of assignment expressly excepting and reserving to himself all his rights of homestead exemption. Rev. Stat., 6348.

Subsequent to the assignment, Asa R. Mettler recorded his mortgage.

The property was sold in proceedings duly had by the assignee, and after paying the costs, counsel fees, and Mrs. Heidkamp's prior valid mortgage, there was a balance of the proceeds of such sale of about $350, which the Court of Insolvency ordered paid into the general fund in the hands of the assignee.

In addition to the $350, the assignee has in his possession about $400, proceeds of the sale of chattel property, making a total of between $750 and $800.

George Knepfle has made due demand in writing for the $500 allowance in lieu of his homestead, sold as aforesid, under the provisions of Rev. Stat., 5440 and 5441.

Asa R. Mettler claims that the $350 should have been paid to him, Mettler, and appeals from the order of the Court of Insolvency; George Knepfle, the general creditors and the assignee contra.

Homestead exemption, by its very name, and also by authority (42 Ohio St., 148,) pertains to the established home of a head of a family. That it is to maintain and preserve this, is shown by Rev. Stat., 5438. where it is provided that if a homestead can be set off by metes and bounds, the debtor may have property not exceeding $1000 in value exempt.

Rev. Stat., 5440, provides that when a homestead is charged with liens, some of which preclude the allowance of a homestead and others do not, and is sold, the $500.00 allowance in lieu of a homestead is to come out of the balance after payment of the liens precluding such allowance. If there is no balance, then Rev. Stat., 5441, provides that the debtor may select $500.00 from the personal property as exempt.

I am of the opinion that a debtor's rights attach in the order of these statutory provisions.

Therefore, George Knepfle must look first to the balance coming from the sale of the homestead before looking to the proceeds of the personality for his $500.00.

But Asa R. Mettler claims this under his mortgage. which, although absolutely void as against creditors and assignee, (48 Ohio St., 492,) is good as between mortgagor and mortgagee.

The creditors object to Knepfle receiving this $500 out of their fund, when. under the statutes, he should look to the balance from the homestead under 5440.

The mistake and error in Mettler's claim is this: A mortgage which precludes an allowance of a homestead, in the property described in the mortgage, is not an assignment or conveyance of the right to claim a homestead therein.

Such right is a personal one, and can not be conveyed to another. 42 Ohio St., 139; 45 Ohio St., 326.

The right is to be determined by the condition of the parties at the time such allowance is to be set off, (43 Ohio St., 64;) and who could tell at the time Knefle gave the mortgage to Mettler whether at the time of a sale and distribution Knepfle would still be

the head of a family and entitled to such allowance or not.

Such mortgage is not an agreement that Knepfle will not claim an allowance at all.

The mortgage is to Mettler a waiver by Knepfle of the right to claim his allowance out of this specific piece of property.

Mettler's mortgage is absolutely null and void and without effect, so far as the assignee and general creditors are concerned, and it cannot operate either directly or indirectly to cut down the fund in which they participate.

The situation is about this: Knepfle has an undoubted right to a $500 allowance, but Mettler and the assignee each say to him: Yes, you are entitled to your money, but not out of my fund.

Knepfle asks the assignee for his allowance out of the general fund, but the general creditors say, and properly: No, under the statutes you must first resort to the balance from the homestead, 'and there is $350 there.

Knepfle then goes to Mettler and Mettler says: No, by your mortgage, which is good as between us, you waived your right and agreed not to claim your allowance out of the property.

Here is the answer for Knepfle to make to Mettler and the one which settles this case: True; but I did not convey my right—under the law I could not—neither did I agree not to demand my allowance, and that mortgage which you failed to put on record is absolutely void as to general creditors, and my agreement not to look to the homestead fund for my allowance they do not recognize, and by reason of your failure to record, they have a superior right to dictate and compel me to look to the fund first prescribed by law. Had you recorded that mortgage, you could have had the $350, and I could still have had my $500 out of the chattel fund. By your failure to record, I am deprived of that right to the extent of $350; hence our agreement if off, voided by your act.

I am of the opinion that Knepfle is entitled to the $350 balance from homestead sale on account of his allowance and in lieu thereof, the other $150 to come out of the chattel fund, the balance of chattel fund to be distributed in counsel and assignee's fees and dividends under order of Court of Insolvency, and that Mettler has absolutely no claim on Knepfle's $500 allowance.

The order of the Court of Insolvency did not express the logic of the situation as it presents itself to my mind, but worked out the identical result in a practical way, which is just as good.

Judgment accordingly.

W. R. Collins, for Knepfle.

George B. Goodhart for Assignee.

Louis Reemelin, for Mettler.

---

(Superior Court of Cincinnati—General Term. April, 1897.)